[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff claims that she was injured on June 6, 1999, while at the defendant Shaw's Supermarket. She instituted suite against Shaw's through a summons and complaint returnable on September 26, 2000. CT Page 6196
Shaw's instituted an apportionment complaint with a return date of January 23, 2001, against Unica Services Group, Inc. pursuant to C.G.S. § 52-102b. The plaintiff filed a cross complaint against Unica, the apportionment defendant on April 12, 2001.
The apportionment defendant, Unica, has moved to strike the plaintiff's cross complaint as untimely. Section 52-102b(d) provides:
"Notwithstanding any applicable statute of limitations or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transactions or occurrence that is the subject matter of the original complaint."
Thus the apportionment defendant argues that the complaint was served more than sixty days beyond the return day of the apportionment complaint and therefore must be stricken.
The plaintiff points out, however, that the alleged injury occurred on June 6, 1999, and thus, the two year statute of limitations set forth in C.G.S. § 52-584 had not expired at the time the cross complaint in question was filed.
It is this court's view that the sixty day period afforded a plaintiff by § 52-102b(d) was to enable the plaintiff to bring such a claim against an apportionment defendant even though the underlying statute of limitations may have expired, but not to preclude such claims when filed after the sixty day period but prior to the expiration of the original statue of limitations.
The motion to strike the cross complaint of the plaintiff against the apportionment defendant is therefore denied.
 ________________________ THOMPSON, JUDGE